This morning is case number 417-0434, Erdman Dairy v. Illinois Department of Revenue. For the appellant, we have Mr. Reed. And for the... Good morning, counsel. And for the appellee, we have Ms. D. Batista. Did I pronounce that correctly? Okay, thank you. You may proceed, counsel. David Reed for Erdman Dairy. And by way of introduction, Mark Erdman is here with us today. As a preliminary matter, I recently discovered that there's a... I recently, I think this morning early, that there's another administrative code, Department of Revenue administrative code provision that has not been provided to the court before. I would like for the court to take judicial notice of it, or I'd be happy to file it or ask that it be filed. I gave counsel a copy about 20 minutes ago. Do you have copies of that provision for the court at this time? I have one, if I can... Do you need that for your argument? No. What's the code provision? It doesn't deal with silage bags, but it's section 130.350. It talks about coal exploration and mining. And it references what equipment's exempt and which isn't. And it references that pumps and hoses used primarily to remove water or to divert water from the active pit area is exempt. Now that's not directly on target with our issue. Let me stop you just briefly, counsel. Ms. DiBattista, what is your position on this? Your Honor, we would object as supplemental authority, given that the regulation was effective in July of 2014, such that the counsel would be aware of the regulation at the time of the briefing. But in the event that the court were to consider it, we do have arguments to distinguish that. Let me confer with my panelists here. We will allow you to supplement the record, counsel, with that, and we'll hear arguments related to that provision. Thank you. Thank you. Thank you. And if you don't need that copy you have, if you could hand that up, and that way it's available if anyone wants to look at it during the argument. Thank you, counsel. May it please the Court, counsel. Thank you. The issues are set forth in the briefs and will not be repeated today unless the court asks some questions with respect to the issues. The facts are also part of the record, but I would like to delineate certain exhibits in the record which I think are especially relevant to today's hearing. And these, again, these exhibits are marked and are in the case file. The first one is C-25 and the second C-26. And these documents or pictures would show the silage bags and the size, immense size of the silage bags. Does size make any difference? I believe it does as a practical matter. I mean, these are not tall kitchen bags. These are, these bags range in size all the way up to 20 by 500 feet. And that is not an issue, the code has not identified size as an issue. The counsel for the Department of Revenue has raised such criteria and I think it's relevant to whether the decision is reasonable or not. I've also referenced C-115, C-164, and C-166. And these are part of the, all reference the same transaction. One is a notice of tax liability for July 28, 2012. Another is the details of the transaction showing the purchase of tubes, pipes, and hoses of plastic by Erdman Dairy for $18,780. And then C-166 being an auditor prepared use tax report which shows the tax on this purchase. Are the pipes and hoses at issue here or just the tubes? Or are they all part of the same mechanism? It is, it is, that is a good question, Judge. The tubes are essentially the bags and if I may approach the court quickly. This is the reference to the, what's first been purchased by Erdman Dairy. But it includes tubes, pipes, hoses, and the silage bags are referred to as architectural tubing, or pardon me, agricultural tubing. But we, I guess the slang is our silage bags. But again, these bags in size can be quite significant. The bag range again is, and I misquoted it, 8 foot by 150 or 14 feet by 500 feet. And that's on Exhibit 276. Is that 14 feet means 14 feet wide and 14 feet high? Well, it doesn't, it doesn't say that. It just says, and again if I may approach the court, 276 has size. And Counselor, if you want to just direct us to the page of the record, we have the record. I don't want you to spend all of your time handing up exhibits. And I have a question for you. Yes ma'am. So there's a great bit of time spent in your brief discussing the fact that this is used in production. Yes. Do you agree that not only do you have to establish that, but that you also have to establish that it's equipment? Yes ma'am. So if it's not equipment, the production aspect is irrelevant at this point. It has to be equipment or apparatus because the code says either or. And we think it's equipment, but if it's not equipment, it's certainly apparatus. Now did you take that position below apparatus? I took that in my reply brief. I referenced, I think, I referenced the statute, the code. I referenced it primarily for equipment, but the code clearly says equipment or apparatus. I understand that, but I want to make sure that we're looking at what was looked at below. So that's why I asked the question, was the argument asserted that this is an apparatus below? Well, to be very honest, Justice, I'm not sure. I quoted the statute and the code provision. But whether or not, I think I primarily dealt with the equipment because we believe it is equipment. If it's not equipment, it's certainly apparatus. Well, the definition of equipment according to the regulations includes an apparatus. Yes, sir. Yes, sir. So your position, as I understand it, is that the tubing along with the pipes and the hoses is an apparatus, which meets the definition of equipment under the regulations? Yes, sir. Is there a definition of apparatus in the regulations or in the code? I, Justice, I'm not certain about that. I believe there is, but I referenced the dictionary definition of apparatus for argument purposes. But you do believe there is a definition for apparatus in the code or in the regulations? I would have to check that, Justice. I'm not certain. Excuse me one moment. Justice, I'm not sure. I don't see one in this administrative code section, 130.305, farm machinery and equipment. So I'm uncertain. I haven't. Again, for my argument, I just used the dictionary definition. Thank you. Continuing, the other exhibit I wanted to reference is C-155, which shows the farming equipment certificate sent to the Department of Revenue by the seller. C-156 is the equipment exhibition certificate sent by Eerdman Dairy to the Department of Revenue. And then C-350 and C-354, the resumes of Dr. Michael Hutchins and James Fraley, who testified Mr. Hutchins, Dr. Hutchins as an expert, who testified that these silage bags were essential to production agriculture. Again, from my perspective, these individuals are quite qualified to discuss this matter, and their testimony was unrefuted. Well, did the hearing officer reach the issue of production agriculture, or did the hearing officer hinge its decision based upon its finding that it was not equipped? I always thought that that was part of the argument. That's the argument that the taxpayer made. That that was an issue. In fact, when I saw the response brief, I was surprised that that had been raised, because it had been argued throughout, up to that point, that it was an issue before the court. And I took, or not the court, but the administrative law judge, and I just took the position that it was waived or conceded by lack of argument. And we were very surprised to see that, because counsel in the prior proceedings had even argued it before the circuit court, and it had been in all the briefs. So that was news to us. Is there any evidence in the record about how long, this would depend on size, but the period of time over which the silage bag would be used? I believe there's testimony that it can be 70 days. That'd be tops? I believe so. It's better to use it quicker, but I believe 70 days is tops. And to address a related matter, the process is completed. The chemical process converting the grain to silage is completed in a shorter time, but it's good for up to 70 days. I even think there was testimony in the affidavits of Dr. Hutchins and Michael Fraley that it can last for up to two years. But again, that's just from recall. So... Well, I'm not sure why it matters. Does the statute or the regs say anything about durability? Because that seems to be what the hearing officer relied upon, that it can be used once, therefore it's not durable, ergo it's not equivalent. But do the regulations speak to durability? No, sir. In fact, the regulations are rather short on what is exempt and what is not exempt. I mean, the code specifies that certain things, or regulation says certain things like baling twine and barbed wire are not equipment. They are supplies, but it doesn't address anything like the silage bag process. We also think it's important that the silage bag process includes a bagger, a chopper, a tractor, a silage cart, and all these other pieces of equipment which are part of the production of silage, and all those are exempt, but the silage tube or silage bag itself is not. Those would be machinery. Yes, sir. So our approach to this is... So your argument would be that the tube is equipment that is utilized with the machinery, the tractor, etc., the chopper. Well, it's part of that process, part of that production agriculture process, that if you don't have the bags, the other parts can't help you. You have to have the bags. They're an essential part of that production, agriculture production process. So if we use the analogy of some type of mower, if we don't have the gas, we can't use the mower either, right? Well, I think that's... I'm not sure about... I mean, to me, gas would be a consumable supply, but I think that the... I think the bags, the size of the silage tubes, the fact that they have a limited warranty for two years. They are plastic, but they're heavy plastic, and if an animal tears a hole in one, it'd have to be repaired, but they still have a limited warranty for two years, and what isn't plastic today? I mean, council, in the argument, has said that it's not durable product. They've raised other issues, but what is a plastic today? The fact that it's used one time I don't think means anything, because there's a case that I've cited in my brief that says some barrels that were used to produce liquor were not... They used one time, but, you know, they were found to be equipment. But isn't that a little bit different, and you're referring to American distillery? Yes, ma'am. In that case, didn't the barrel actually become part of the product? Well, I think there's some similarity in the fact that both the barrel and the silage tube or bags contained the grain and were part of the conversion of the grain into silage. The only purpose of that silage is to feed the livestock on the farm, which is good for production agriculture. So I think there's some difference. It's not directly on point, but I think it's certainly related. I think it knocks out the argument that, you know, one time you're done, it's supplies. I would also say that, again, if you don't have the silage tubing and pumps and everything else, you don't have silage. We also think that defendant appellant's response brief is incorrect to state that the director's decision may be reversed only for clear air. We think this is wrong because in our case, there's no historical facts admitted or established to invoke the applicability of the Provident Covenant case. Rather, the parties disagree as to the interpretation of the administrative code, whether the silage bags or equipment or supplies. The factual findings... You are applying established facts, though, to the code. Would you agree with that? Well, the factual findings by the department are subject to the manifest weight of evidence standard. There are dairy operations all around Central Illinois and perhaps all through Illinois. Why is this a case of first impression? I don't know, Judge or Justice. I think that's a good question. I think one thing that Mr. Erdman, forgive me, stubborn, but it just doesn't make sense to him or me that everything else would be exempt but the silage bags or tubes themselves are not. Would you agree that what you're asking for would make the silage bags kind of a hybrid? In the sense that you've distinguished the bourbon barrels or you've talked about the bourbon barrels. But it is consumed. Yes, sir. Is this a hybrid or is this going to be a case-by-case as to what... I think... My personal view... You are out of time, counsel, but why don't you finish your answer to Justice Connett's question. My personal view is the code hasn't been amended. The administrative code hasn't been amended for probably, what, maybe 30 years. Some of the private letter rulings were issued longer than that. I think that that needs to be addressed because as the economy goes on, as there are new developments, innovations, inventions... So we wouldn't have this case if he was using a silo. That's correct. And I don't know whether the record shows... Thank you. Thank you, counsel. You'll have more time on rebuttal if you so desire. Okay. Thank you. Ms. DeBatista. Good morning. May it please the Court, Bridget DeBatista on behalf of the Illinois Department of Revenue and its director. Your Honors, the director here properly denied Ehrman's theory's use tax exemption because disposable plastic bags are not machinery or equipment, but instead supplies, which are specifically excluded from the exemption. In reviewing this determination, we ask that the Court be guided by the well-recognized maxim that taxation is the rule and exemption is the exception. To the extent a taxpayer's entitlement to an exemption is debatable, the Illinois Supreme Court has instructed that all debatable questions are to be resolved in favor of taxation. Guided by this principle, we ask that the Court affirm. It is undisputed that to qualify for the farm machinery and equipment exemption, the taxpayer must make a threshold showing that the property is farm machinery or equipment. Here, because the director determined Ehrman failed to make this first showing, she properly denied the exemption. Specifically, equipment under the regulation is defined as any independent device or apparatus separate from any machinery, but essential to production agriculture. Did the hearing officer use that definition in making her determination? She did, Your Honor, yes. I didn't see any analysis with regard to apparatus, which would certainly seem to fit a tube with pipes and hoes. We would submit that this is not an apparatus. Is there a definition for apparatus? There is not a definition. Would it be proper for us, therefore, to look at the dictionary definition? Yes, Your Honor. Have you done so? Yes, Your Honor. And what is it? Well, specifically with apparatus, I don't know that our brief, Your Honor, addresses that specifically. My dictionary says it's a group. No, it is a combination of materials having a particular function or intended for a specific purpose. And, Your Honor. We've seen that a tube with pipes and hoes are materials, and the particular purpose of this tube along with the pipes and hoes is to produce silage. That sounds like equipment to me under the Department's own regulations. So, if we are to take that definition of apparatus, which is a dictionary definition, and say that apparatus means any material needed in the process, that would be broadening the exemption. So, as I stated, it's well recognized in Illinois that we're not going to strain. I didn't come up with the term apparatus. The Department did. And the definition that Your Honor cites that I'm not familiar with indicates that it's any material needed for the process. And if that were to be the definition, we would submit that the farm machinery equipment, which is an independent showing, would be removed from the consideration, and the exemption would simply look to whether or not this item were needed. Several items are needed in a process. Including supplies. So, if we look to the regulation, and that's important. So, we're not simply looking at is this or is this not a piece of equipment. We're also looking at the fact that the regulation specifically excludes supplies. And that's part of the Director's determination as well. So, they looked at these bags. They looked at the fact that they're used. You're comparing this huge plastic tubing to gloves, to oil, to footwear. I mean, I really am having a hard time grasping that. We are comparing it to that. Because if you look at the definition of supplies under dictionary definitions, you see that it's defined as provisions or stores. And provisions, in turn, is defined as an item that's in need of constant replacement. Here, too, like gloves, like bailing wire, these silage bags are repeatedly needed or they're in constant need of replenishment. All right. Let me ask you this, counsel. Suppose Mr. Erbman, instead of producing his own silage, purchased silage for his herd of milk cows. He wouldn't have to pay a sales tax or a use tax on that purchase of silage, would he? I'm not familiar with whether there would be any exemptions with respect to corn feed. I'm not sure that that. Well, when farmers purchase grain for their animals, they don't pay a use tax or a sales tax on that, do they? I'm not familiar if that's exempt. It may very well be exempt. Well, if it is, wouldn't it seem kind of odd to say that he could buy the silage and not have to pay a sales tax, but he can't use the materials to produce it? He can do that, but he doesn't get the exemption. That would seem inconsistent or incongruent, would it not? I understand that perspective. However, I think the question is – Well, does it seem inconsistent was my question. That he could purchase – If that were the case, yes. I don't believe so. I believe, you know, we look to the item under issue, and here under issue is whether or not these bags are equipment. And I think we look to the director's determination and we decide, was it clearly erroneous for the director to decide that these bags, rather than being a piece of equipment, which if we look to dictionary definitions is defined as a fixed asset, as opposed to that. Why would I look at the dictionary definition for equipment when there's a definition provided in the reds? In fact, it would be improper to do so, wouldn't it? That's true, Your Honor. Absolutely. We look first to what is defined by the regulation as a device or apparatus. Are you familiar with these marshmallow hay bales? I am not, Your Honor, no. Okay. They have plastic around them, and they simplify, kind of turn hay into haylage. I was just wondering if there is an exemption for the sales tax on those coverings for those hay bales, but you're not familiar with it. I'm not familiar. But I would say that if they are similar to a disposable item as here, that that would be akin, and it's not clearly erroneous on the director's part, to find that those are more akin to a supply as opposed to a piece of equipment. And also, we cite some private letter rulings in our brief, and those are not binding on this court, but we cite them to show that this decision is in line with prior department determinations and is not clearly erroneous. And when you look to those private letter rulings, they also involve, there was cellulose casing for sausage was one example, and another was bags used in metal plating processes. Both of those items were found to be, again, be consumable supplies and not equipment. And importantly, they were found to be necessary to the process, that they were an integral part of creating these items. But nevertheless, the department found that that does not alone transform an item that is otherwise a supply into a piece of equipment. And also, mid-American growers, we can look to that case as well. In that case, the taxpayer was referring to a greenhouse and was attempting to argue that a greenhouse was a machine. And part of their argument, similar to the arguments that Ehrman Dairy is making, is that this was integral to the process, and therefore it was a piece of machinery. The court there recognized that despite the fact that it was needed, that does not change the commonly understood term machinery to suddenly mean a greenhouse. And so, too, here we would ask that, again, that we don't read an exemption broadly, that we narrowly construe it and see that simply because this item is needed does not transform it into a piece of equipment. That court also found that the carts used were equipment, even though they were mainly used to haul, did it not? It did find that the carts were equipment, yes. And I think we could say that those are distinguishable from the bags here in that, again, every year Ehrman Dairy has to purchase bailing wire, shoes, work gloves, and these bags. As Ehrman's expert on testified, these bags are used within 70 days. So they're replenished on a yearly, if not monthly, basis. So in that way, it was not clearly erroneous for the director to say these are not equipment. We had another dairy farmer establish that because of the high grade of bag that is purchased, the silage can be stored and used, and healthfully used, for two years. I think that would play into the analysis, Your Honor, under that hypothetical, that it would be, if it were something that were a fixture, a fixed asset. It's only a fixture if it lasts two years, but it's not a fixture if it lasts three months or six months? I think in this case, because it was found to only last a few months, that that militated in favor of supply rather than equipment. But the fact that we're having this exchange and debating whether or not it's a supply or an equipment, that goes to whether this is a debatable question. And again, under Illinois Supreme Court precedent, we see time and again, that if you're at the stage of debating, you should err to the side of taxation rather than exemption. So the carts that Justice Turner referred to, those were not consumed by the process, is that correct? Correct, Your Honor. And we've heard the bags referred to as tubes, and when you talk about tubes, you get a different image in your mind versus when you talk about bags. Yes, Your Honor. And that tubing phrase is not one made by the director. I'm not exactly sure where the tube phrase is coming from, but I would distinguish this from a tube, particularly in the coal regulation that was handed to me this morning, where there's use of the word tubing and hoses. There's some indication that there's water that flows through these tubes. In that way, it's something akin to a piece of equipment as opposed to here, which is a thin, terrible piece of plastic, which Erdman concedes even animals can poke holes through, that is used within 170 days. I also wanted to talk about American distillers, that case involving whiskey barrels. That case only addressed the incorporation doctrine. In other words, when an item becomes part of the final product, the statute recognizes that that will not be subject to use tax. American distillers in no way addresses what is before this Court, which is whether or not those barrels were a piece of equipment. So we would say that the case is an apposite. Or whiskey distillers have better lobbyists than dairy. Yes, Your Honor. Also, with respect to durability, while durability is not admittedly a term that's used, again, we have to look to whether the Director's determination that this is a commonly understood understanding of equipment, whether that was clearly erroneous here. You have made some excellent points. But at the same time, without conceding anything in your argument, in terms of just understanding, I was kind of intrigued by what counsel said about the change in economics. And anecdotally, I'm wondering if fewer and fewer dairy farmers are using real estate, i.e. silos that are their equipment in a way, but they're part of the real estate also if they're fixed. Is this product such that it is kind of a hybrid? And that, yes, you can say it's consumed, but it's not consumed the same way that gas fuel is. It's a distance from that. For one, because it's got a physical structure to it. The gloves and the boots, how long they last and what ones are used and how expensive they are, it's kind of a matter of personal choice. And there might be people that wouldn't keep track of those anyway. I don't know. But would you concede that maybe some of this will be changing as the economy changes or as agriculture changes? I can't speak to that, Your Honor. Perhaps it might, but we are looking at the statute and the regulation. I understand that. I'm asking a hypothetical. I'm asking you to think out loud without losing your case or winning your case. I believe that we look to whether the director's determination here is a matter of, you know, here we are debating whether or not it applies. And if we're at that stage, the rule, the maxim is taxation is the rule. Exemption is the exemption. Counsel, I think you'd agree whatever we rule, if the folks across the street don't like it, they can change the statute. Right. And I was considering making that statement. But yes, Your Honor, that is something potentially down the line. But we are here examining the statute as it is and the regulation as it is. And if the Court has no further questions? I don't see any at this time. Thank you, Counsel. So we'd ask that the Court part. Thank you. Any rebuttal, Mr. Reed? Thank you, Judge. Justice, very quickly, I would just like to add that the Department of Revenue private letter rulings are essentially the same people that are writing the administrative code or assisting in the administrative code. So the fact that those private letter rulings come out on the side of the Department of Revenue, I don't think that's a surprise. I would also say that the cited private letter rulings are in 1989, 1991, and things have probably changed since that time. It's my understanding that this issue has kind of risen to the surface recently because it's my understanding that the Department of Revenue is seeking to tax these where maybe in the past they didn't. And I was advised by Mr. Erdman of that. Otherwise, I don't know what the reason would be. But I would agree that if the Court rules for Erdman and Derry, the Department of Revenue is going to have to revise that administrative code or the legislature with input from the Department of Revenue will have to revise that code. I'd also like to add that I think at the end of the day that this ruling in Erdman and Derry was unreasonable. Is that the standard? Pardon me? Is that the standard? I think the Court has the novel review of the statutory interpretation. But I think at the end of the day there's case law that says is this reasonable or not? And I think that the Court should find it's unreasonable for several reasons. One, the interpretation defeats the intent of the statute to aid production agriculture through the silage process. Two, the interpretation is inconsistent with the scheme of the statute and administrative code. If you have all these equipment that's exempt, how can you make silage bags or silage tubes taxable? Silage tubes, by the way, agricultural tubing came from the seller of these products who sells these. And it's better known by silage bags. I don't know if they do that to charge more or not, but in any event, that's where that came from. The farm experts testified and it's unrefuted that this silage is the best for animals. Animals like it. They'll eat it. It's better than silos or anything else. It's the best. Without the bags, there's no silage production. The taxpayer has a reasonable belief that the silage bags were exempt. He completed the certification two years before the department contacted him about the taxability. And that's going to require, if Mr. Erdman loses his case, he's going to have to go back and file revised returns. And that would be a burden for Erdman Dairy. The Administrative Code, that issue, it's simply inconsistent. It doesn't make sense. It doesn't follow or help or assist the production agriculture that the legislature promoted for this process. And again, I'd be happy to address, oh, I had one more thing real quickly. Just looking at accounting terms, tax terms, fixed assets, you know, it's an expense. It's got to be depreciated. That's a whole new area. We haven't broached that before. And I think to get into that area would require a complete rewrite of the Administrative Code. So I think, again, the department has argued that that's a reason it supplies a set of equipment, but that's really not. That's really between the taxpayer and his or her accountant. So we think it's problematic to raise that as an issue, along with it's just used one time, it's made of plastic, et cetera. We think if you look at the code, an interpretation of the code would show that these should be exempt from the use tax. Are there any other questions? No. Thank you, counsel. Okay, thank you. We'll take this matter under advisement and be in recess.